KOZINSKI, Circuit Judge,
dissenting:
Dr. Golden and California Emergency Physicians (CEP) have a serious disagreement and they have agreed to resolve it by parting ways. Dr. Golden is paid a large sum of money and, in exchange, he gives up his right to continue working for CEP. The provision barring Dr. Golden from current employment by CEP cannot possibly violate California Business and Professions Code § 16600 because the continuation of their employment relationship is the very subject in controversy in this lawsuit, and one possible outcome would be that he would lose his job and get nothing in exchange. If this violates section 16600, few employment disputes could ever be settled.
The only way section 16600 might be implicated is if, at some future time, Dr. Golden were working for an entity that is acquired by CEP, in which case the agreement would give the employer a right to fire him without a further showing of cause. We have no way of knowing whether this part of the settlement agreement will ever come into play, as its enforcement depends on numerous circumstances that are not capable of determination at this time: where Dr. Golden will choose to live and work; where he will find employment; and what facilities, if any, CEP will acquire in the future. If the stars align and all this came to pass, we would then have to determine whether Dr. Golden’s ability to practice his profession at that indefinite future time would be adversely affected, a highly contingent inquiry depending on numerous factors that are susceptible to little more than a guess today. The majority remands for further' fact-finding, but fact-finding normally involves reconstructing past events, not prognosticating about the future. The court will need a ouija board to “find” any of the facts the majority believes are relevant to whether the agreement will violate section 16600.
What we know for sure is that the settlement agreement does not limit Dr. Golden’s ability to practice his profession at this time — except to the extent that he can’t work for CEP. No case cited by the majority, and none I’m aware of, has construed section 16600 as preserving an unfettered right to employment in all future *1094 circumstances, no matter how remote or contingent.
If and when the scenario Dr. Golden fears to comes to pass, he can raise section 16600 as a defense to his dismissal. A court can then adjudicate the issue in light of the concrete circumstances as they exist at that time — including making a factual determination whether CEP’s share of the market is so great that being dismissed by them impairs Dr. Golden’s ability to practice his profession. If it is, then that portion of the settlement agreement might, in the words of section 16600, be “to that extent void.” But I can see no justification for allowing this remote contingency to serve as an excuse for Dr. Golden to finagle his way out of his contract and deprive his lawyer of the fee he has earned. Because I seriously doubt that the California Supreme Court would reach such a result, I would affirm the judgment of the district court.